# EXHIBIT 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, LAW DIVISION

BENOIT )
 )
 )
 v )   No. 16 L 33
 )
 )
BERTSOS )
 )
 )

## CASE MANAGEMENT ORDER

This case is before the court for ____ initial  X  subsequent status, or motion, counsel for  X  plaintiff, ____ defendant, ____ third party defendant present, it is hereby ordered:

| | | |
|---|---|---|
| 4296 | 1. | Non-opinion written discovery to be completed by _____ |
| 4218 | 2. | Non-opinion oral discovery to be completed by _____ |
| 4296 | 3. | _____ shall complete outstanding written discovery by _____ |
| 4218 | 4. | _____ shall be presented for deposition by _____ |
| 4253 | 5. | Plaintiff shall serve Rule 213 f (2) and (3) disclosures by _____ |
| 4253 | 6. | Defendant shall serve Rule 213 f (2) and (3) disclosures by _____ |
| 4218 | 7. | Plaintiff's 213 f (2) and (3) witnesses to be deposed by _____ |
| 4218 | 8. | Defendant's 213 f (2) and (3) witnesses to be deposed by _____ |
| 4295 | 9. | All discovery to be completed by _____ |
| 4231 | 10. | All dispositive motions shall be filed and noticed no later than _____ |
| 4619 | 11. | This matter is continued to August 24, 2016 at 9:00 AM for: |

(check one or more)

| | | |
|---|---|---|
| X Service Status | ____ Pleadings Status | ____ Written Discovery Status |
| ____ Compliance Status | ____ Settlement Status | ____ Oral Discovery Status |
| ____ Default / Prove Up | ____ Final Pretrial | ____ Expert Discovery Status |
| ____ Pretrial (parties must be present unless excused by order of Court) | | |
| ____ Other _____ | | |

4482   12.   Jury/Bench trial is set to begin on _____ at 10:30 a.m.

It is further ordered: ① Plaintiffs' Motion for Order Approving Service of Summons and Complaint by Alternative Means" GRANTED; ② Plaintiffs are authorized to serve defendants with Summons and Complaint by placing true and correct copies of the summons and Complaint along with a copy of this Order - in regular US Mail and also by certified mail at all known addresses of defendants.

Atty No. 57366
Atty Name: R Kellerman / Law office of Kellerman K Kellerman PC
Attorney for: Benoit
Address: 222 S Riverside Plz. Ste 210
City: Chgo, IL 60106
Phone: 312 775 3646

Enter:

Judge Sanjay T. Tailor

ENTERED
JUDGE SANJAY TAILOR - 1870
JUN 28 2016
Nov 1870
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, LAW DIVISION

BENOIT                      )
                            )
                            )
                            )
              v             )          No.  16 L 33
                            )
                            )
BERTSOS                     )
                            )

CASE MANAGEMENT ORDER

This case is before the court for ____ initial ____ subsequent status, or motion, counsel for **X** plaintiff, ___ defendant, ___ third party defendant present, it is hereby ordered:

4296  1.   Non-opinion written discovery to be completed by _____
4218  2.   Non-opinion oral discovery to be completed by _____
4296  3.   _____ shall complete outstanding written discovery by _____
4218  4.   _____ shall be presented for deposition by _____
4253  5.   Plaintiff shall serve Rule 213 f (2) and (3) disclosures by _____
4253  6.   Defendant shall serve Rule 213 f (2) and (3) disclosures by _____
4218  7.   Plaintiff's 213 f (2) and (3) witnesses to be deposed by _____
4218  8.   Defendant's 213 f (2) and (3) witnesses to be deposed by _____
4295  9.   All discovery to be completed by _____
4231  10.  All dispositive motions shall be filed and noticed no later than _____
4619  11.  This matter is continued to **June 28, 2016** at **9:10 AM** for:
*(check one or more)*
**X** Service Status          ____ Pleadings Status          ____ Written Discovery Status
____ Compliance Status        ____ Settlement Status         ____ Oral Discovery Status
____ Default / Prove Up       ____ Final Pretrial            ____ Expert Discovery Status
____ Pretrial (parties must be present unless excused by order of Court)
**X** Other **Motion for Alternative Service is entered and continued to 6/28/16**
4482  12.  Jury/Bench trial is set to begin on _____ at 10:30 a.m.

It is further ordered: _____

_____

ENTERED
JUDGE SANJAY TAILOR · 1870

JUN 20 2016

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Atty No. **57366**
Atty Name: **K Hellerman/Law Office of**          Enter:
Attorney for: **US**                              _____
Address: **222 S Riverside Plz Ste 2100**          Judge Sanjay T. Tailor      No. 1870
City: **Chgo**
Phone: **312 775 3646**

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**



# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

BENOTT

    v

BERTSOS

)
)
)
)
)
)
)
)
)

No. _16 L 33_

## CASE MANAGEMENT ORDER

This case is before the court for _____ initial __X__ subsequent status, _and_ or motion, counsel for __X__ plaintiff, _____ defendant, _____ third party defendant present, it is hereby ordered:

| | | |
|---|---|---|
| 4296 | 1. | Non-opinion written discovery to be completed by _____ |
| 4218 | 2. | Non-opinion oral discovery to be completed by _____ |
| 4296 | 3. | _____ shall complete outstanding written discovery by _____ |
| 4218 | 4. | _____ shall be presented for deposition by _____ |
| 4253 | 5. | Plaintiff shall serve Rule 213 f (2) and (3) disclosures by _____ |
| 4253 | 6. | Defendant shall serve Rule 213 f (2) and (3) disclosures by _____ |
| 4218 | 7. | Plaintiff's 213 f (2) and (3) witnesses to be deposed by _____ |
| 4218 | 8. | Defendant's 213 f (2) and (3) witnesses to be deposed by _____ |
| 4295 | 9. | All discovery to be completed by _____ |
| 4231 | 10. | All dispositive motions shall be filed and noticed no later than _____ |
| 4619 | 11. | This matter is continued to _June 20, 2016_ at _9:20 am_ for: |

(check one or more)

| | | |
|---|---|---|
| _____ Service Status | _____ Pleadings Status | _____ Written Discovery Status |
| _____ Compliance Status | _____ Settlement Status | _____ Oral Discovery Status |
| _____ Default / Prove Up | _____ Final Pretrial | _____ Expert Discovery Status |

_____ Pretrial (parties must be present unless excused by order of Court)

__X__ Other _Presentation of Amended Motion for Alternative Service_

4482   12.   Jury/Bench trial is set to begin on _____ at 10:30 a.m.   _5246_

It is further ordered: _Plaintiffs' Motion for Order Approving Service by Publication is denied without prejudice_

```
┌─────────────────────────────────┐
│      E N T E R E D              │
│  JUDGE SANJAY TAILOR - 1870     │
│                                 │
│        JUN 0 6 2016             │
│                                 │
│      DOROTHY BROWN              │
│  CLERK OF THE CIRCUIT COURT     │
│     OF COOK COUNTY, IL          │
│      DEPUTY CLERK               │
└─────────────────────────────────┘
```

Atty No. _57366_
Atty Name: _Hellerman / Law Office of Richard_   Enter:
Attorney for: _Π's_   _K Hellerman_
Address: _222 S Riverside Pl Ste 2100_
City: _Chicago_
Phone: _312 775 3646_

Judge Sanjay T. Tailor     No. 1870

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

5366) R

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JOHN BENOIT and PAMELA BENOIT,          )
                                        )
            Plaintiffs,                 )
                                        )
      v.                                )       No. 16 L 33
                                        )
ANTHONY BERTSOS and JACQUELINE          )
BERTSOS,                                )       3394
                                        )       300
            Defendants.                 )

**FILED**
Law Division-1912
JUN 06 2016
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## MOTION FOR ORDER APPROVING SERVICE OF
## SUMMONS AND COMPLAINT BY PUBLICATION

Plaintiffs, JOHN BENOIT and PAMELA BENOIT, by their attorneys, The Law Office of

Richard K. Hellerman, P.C., move this Court, pursuant to Sections 2-203.1 and 2-206 of the Illinois

Code of Civil Procedure, 735 ILCS 5/2-203.1 and 735 ILCS 5/2-206, for entry of an Order

approving and authorizing plaintiffs to serve defendants, by special order of this Court, by

publication. In support of their Motion, plaintiffs state as follows:

1.      Plaintiffs filed their Complaint on January 4, 2016.

2.      Since the filing of the Complaint, plaintiffs have consistently been attempting to

obtain service upon the defendants. To date, despite attempts to serve defendants at five different

addresses in two states (including Illinois), plaintiffs have still been unable to personally serve

defendants or obtain substitute service upon defendants at any residence.

3.      Plaintiffs have utilized the Cook County Sheriff's Department on two occasions for

the purpose of effectuating service of process on defendants. Both attempts to serve defendants in

the Chicago area through the Sheriff's Department have been unsuccessful. *See* Report of "No

Service" from Cook County Sheriff's website, attached as Exhibit A.

4.    Plaintiffs have also attempted to serve defendants at an address in California, but that attempt too was unsuccessful. *See* Affidavit of John Robert Schultz, attached as Exhibit B.

5.    Finally, plaintiffs obtained an Order from this Court on April 14, 2016 appointing a Special Process Server and the process server has twice failed to obtain service on defendants.

6.    Although not constituting service pursuant to the Code of Civil Procedure, the special process server did leave a copy of the Fourth Alias Summons with an employee of a restaurant in Chicago believed to be owned by defendants.

7.    Plaintiffs believe that defendants own a home in the Chicago area, despite being unable to effectuate service at the address believed to be defendants' home.

8.    Likewise, plaintiffs believe that defendants own a home in southern California, despite being unable to effectuate service at the address in California believed to be defendants' home.

9.    Plaintiffs' counsel has obtained investigative reports pertaining to defendants that have identified the addresses at which the foregoing attempts of service have been made as addresses associated with defendants. Inasmuch as the reports contain certain personal information regarding defendants and persons associated with them, plaintiffs will not attach these reports to this Motion.

10.    Section 2-203.1 of the Code of Civil Procedure provides, in pertinent part:

> If service upon an individual defendant is impractical under . . . Section 2-203, the plaintiff may move, without notice, that the court enter an order directing a comparable method of service. The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under . . . Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful.

2

11.    Section 2-206 of the Code of Civil Procedure provides, in pertinent part:

> Whenever, in any action affecting property or status within the jurisdiction of the court, . . . plaintiff or his or her attorney shall file, at the office of the clerk of the court in which the action is pending, an affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained, the clerk shall cause publication to be made in some newspaper published in the county in which the action is pending.

12.    Based upon the foregoing circumstances, plaintiffs request that this Court issue an Order approving and authorizing service upon the defendants by publication.

13.    Attached to this Motion as Exhibit C is the Affidavit of Richard K. Hellerman, plaintiffs' counsel, attesting to the foregoing facts and the attempts made to locate defendants and obtain service of process on defendants.

WHEREFORE, Plaintiffs, JOHN BENOIT and PAMELA BENOIT, respectfully pray that the Court enter an Order approving and authorizing service upon the defendants by publication, and for such other and further relief as this Honorable Court deems necessary, just and proper.

JOHN BENOIT
PAMELA BENOIT

By: _____
        One of Their Attorneys

Richard K. Hellerman
The Law Office of Richard K. Hellerman, P.C.
222 South Riverside Plaza, Suite 2100
Chicago, Illinois 60606
(312) 775-3646
(312) 648-1212 (fax)
Firm ID # 57366

3



**Cook County**
**SHERIFF**
THOMAS J. DART

# Civil Process
# Service Lookup

Select Language
Powered by Google Translate

## Search Results:

| Sheriff # | Name | Address | Status |
|-----------|------|---------|--------|
| 02009812 | BERTSOS, ANTHONY | 2601 W 47TH ST , CHICAGO, IL 60632 | NOT SERVED |

Reason not served:    No Contact
Date:                 2/20/2016

Additional Remarks:

[ Search Again ]

By using this search tool, you acknowledge that you understand that it is solely your responsibility to verify any information you may obtain herein before relying on said information for any type of legal action.

Cook County Sheriff's Office Civil Division • 50 W. Washington, Room 701
Chicago, IL 60602 • **(312) 603-3365**



**EXHIBIT**
*A*



**Cook County SHERIFF**
THOMAS J. DART

**Civil Process Service Lookup**

Select Language ⌄
Powered by Google Translate

**Search Results:**

| Sheriff # | Name | Address | Status |
|---|---|---|---|
| 02009813 | BERTSOS, JACQUELINE | 2601 W 47TH ST , CHICAGO, IL 60632 | NOT SERVED |

Reason not served:     No Contact
Date:     2/20/2016

Additional Remarks:

Search Again

By using this search tool, you acknowledge that you understand that it is solely your responsibility to verify any information you may obtain herein before relying on said information for any type of legal action.

Cook County Sheriff's Office Civil Division • 50 W. Washington, Room 701
Chicago, IL 60602 • **(312) 603-3365**

Attorney or Party without Attorney:
Richard K. Hellerman, SBN: 6196915
LAW OFFICE OF RICHARD K. HELLERMAN
222 SOUTH RIVERSIDE PLAZA #2100
CHICAGO, IL 60606
TELEPHONE No.: (312) 775-3646
E-MAIL ADDRESS (Optional): rkhellerman@hellermanlaw.com
FAX No. (Optional): (312) 648-1212

Attorney for: Plaintiffs

**FOR COURT USE ONLY**

Ref No. or File No..
Benoit

Insert name of Court, and Judicial District and Branch Court:
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS - COUNTY DEPARTMENT, LAW DIVISION

Plaintiff: JOHN BENOIT and PAMELA BENOIT

Defendant: ANTHONY BERTSOS and JACQUELINE BERTSOS

| NON SERVICE REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER: 16 L 33 |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: JACQUELINE BERTSOS

Documents: SECOND ALIAS SUMMONS;VERIFIED COMPLAINT

| Date | Time | Results |
|---|---|---|
| 3/5/2016 | 7:30 AM | MAILBOX IS FULL OF MAIL, NO ANSWER AT THE DOOR.<br>1485 SKYLINE DRIVE, LAGUNA BEACH, CA 92651 |
| 3/8/2016 | 6:50 PM | MAIL ARE STILL THERE. NO ANSWER AT THE DOOR. HOUSE IS DARK.<br>1485 SKYLINE DRIVE, LAGUNA BEACH, CA 92651 |
| 3/11/2016 | 3:15 PM | NO ANSWER AT THE RESIDENCE, MAILBOX IS STILL FULL OF MAIL. PER NEIGHBOR, THEY TRAVEL ALL THE TIME.<br>1485 SKYLINE DRIVE, LAGUNA BEACH, CA 92651 |
| 3/14/2016 | 1:27 PM | NO ANSWER AT THE RESIDENCE. MAIL STILL IN BOX..<br>1485 SKYLINE DRIVE, LAGUNA BEACH, CA 92651 |
| 3/17/2016 | 6:43 AM | NO ANSWER AT THE RESIDENCE..<br>1485 SKYLINE DRIVE, LAGUNA BEACH, CA 92651 |
| 3/20/2016 | 5:28 PM | NO ANSWER AT THE RESIDENCE. MAIL STILL IN BOX..<br>1485 SKYLINE DRIVE, LAGUNA BEACH, CA 92651 |
| 3/23/2016 | 8:34 AM | NO ANSWER AT THE RESIDENCE. NO CHANGES.<br>1485 SKYLINE DRIVE, LAGUNA BEACH, CA 92651 |

**Continued on Next Page**

Fee for Service: $ 85.00
County: ORANGE
Registration No.: PSC2407
Exclusive Attorney Service
1301 W. 2nd St., Suite 208
Los Angeles, CA 90026
(213) 250-8933

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 22, 2016.

Signature: _____
JOHN ROBERT SHULTZ

**NON SERVICE REPORT**

EXHIBIT
B

Order#: OM122795

Attorney or Party without Attorney:
Richard K. Hellerman, SBN: 6196915
LAW OFFICE OF RICHARD K. HELLERMAN
222 SOUTH RIVERSIDE PLAZA #2100
CHICAGO, IL 60606
TELEPHONE No.: (312) 775-3646
E-MAIL ADDRESS (Optional): rkhellerman@hellermanlaw.com
FAX No. (Optional): (312) 648-1212

Attorney for: Plaintiffs

Ref No. or File No.:
Benoit

Insert name of Court, and Judicial District and Branch Court:
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS - COUNTY DEPARTMENT, LAW DIVISION

Plaintiff: JOHN BENOIT and PAMELA BENOIT

Defendant: ANTHONY BERTSOS and JACQUELINE BERTSOS

| NON SERVICE REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER: 16 L 33 |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: JACQUELINE BERTSOS

Documents: SECOND ALIAS SUMMONS;VERIFIED COMPLAINT

| Date | Time | Results |
|---|---|---|
| | | **Continued from Previous Page** |
| 3/26/2016 | 4:56 PM | NO ANSWER AT THE RESIDENCE.. 1485 SKYLINE DRIVE, LAGUNA BEACH, CA 92651 |
| 3/29/2016 | 6:35 AM | NO ANSWER AT THE RESIDENCE.. 1485 SKYLINE DRIVE, LAGUNA BEACH, CA 92651 |
| 4/2/2016 | 8:13 AM | NO ANSWER AT THE RESIDENCE.. 1485 SKYLINE DRIVE, LAGUNA BEACH, CA 92651 |
| 4/5/2016 | 6:31 PM | NO ANSWER, NO CARS AT THE RESIDENCE. 1485 SKYLINE DRIVE, LAGUNA BEACH, CA 92651 |
| 4/8/2016 | 7:11 AM | NO ANSWER AT THE RESIDENCE. LOTS OF MAIL IN THE BOX.. 1485 SKYLINE DRIVE, LAGUNA BEACH, CA 92651 |
| 4/11/2016 | 8:15 PM | NO LIGHTS, NO ANSWER, NO CARS AT THE RESIDENCE. 1485 SKYLINE DRIVE, LAGUNA BEACH, CA 92651 |
| 4/14/2016 | 11:17 AM | NO ANSWER AT THE RESIDENCE.. 1485 SKYLINE DRIVE, LAGUNA BEACH, CA 92651 |
| | | **Continued on Next Page** |

Fee for Service: $ 85.00
County: **ORANGE**
Registration No.: **PSC2407**
**Exclusive Attorney Service**
**1301 W. 2nd St., Suite 208**
**Los Angeles, CA 90026**
**(213) 250-8933**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 22, 2016.

Signature: JOHN ROBERT SHULTZ

**NON SERVICE REPORT**

Order#: OM122795

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Richard K. Hellerman, SBN: 6196915<br>LAW OFFICE OF RICHARD K. HELLERMAN<br>222 SOUTH RIVERSIDE PLAZA #2100<br>CHICAGO, IL 60606<br>TELEPHONE No.: (312) 775-3646 | E-MAIL ADDRESS (Optional): rkhellerman@hellermanlaw.com<br>FAX No. (Optional): (312) 648-1212 | |
| Attorney for: Plaintiffs | | |
| | Ref No. or File No.:<br>Benoit | |

| | | |
|---|---|---|
| Insert name of Court, and Judicial District and Branch Court:<br>IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS - COUNTY DEPARTMENT, LAW DIVISION | | |
| Plaintiff: JOHN BENOIT and PAMELA BENOIT | | |
| Defendant: ANTHONY BERTSOS and JACQUELINE BERTSOS | | |

| NON SERVICE<br>REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>16 L 33 |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: JACQUELINE BERTSOS

Documents: SECOND ALIAS SUMMONS;VERIFIED COMPLAINT

| Date | Time | Results |
|---|---|---|
| | | **Continued from Previous Page** |
| 4/17/2016 | 2:46 PM | NO CHANGES AT THE RESIDENCE.<br>1485 SKYLINE DRIVE,  LAGUNA BEACH, CA 92651 |
| 4/21/2016 | 10:33 AM | UNABLE TO SERVE WITHIN STATUTORY TIME.  RETURNING DOCUMENTS UNSERVED.<br>1485 SKYLINE DRIVE,  LAGUNA BEACH, CA 92651 |

Fee for Service: $ 85.00
    County:  **ORANGE**
    Registration No.:  **PSC2407**
    **Exclusive Attorney Service**
    **1301 W. 2nd St., Suite 208**
    **Los Angeles, CA 90026**
    **(213) 250-8933**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 22, 2016.

Signature: _____
          JOHN ROBERT SHULTZ

**NON SERVICE REPORT**

Order#: OM122795

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JOHN BENOIT and PAMELA BENOIT,          )
                                        )
    Plaintiffs,                          )
                                        )
v.                                      )     No.  16 L 33
                                        )
ANTHONY BERTSOS and JACQUELINE          )
BERTSOS,                                )
                                        )
    Defendants.                          )

### AFFIDAVIT IN SUPPORT OF MOTION FOR ORDER APPROVING SERVICE OF SUMMONS AND COMPLAINT BY PUBLICATION PURSUANT TO 735 ILCS 5/2-206

The undersigned, Richard K. Hellerman, being first duly sworn on oath, deposes and states as follows:

1.      I have personal knowledge of the facts set forth in this Affidavit, and could competently testify thereto if called as a witness.

2.      I am an attorney licensed to practice law in Illinois since 1987. I am counsel of record for plaintiffs in this matter.

3.      Since the filing of the Complaint, plaintiffs have consistently been attempting to obtain service upon the defendants. To date, despite attempts to serve defendants at five different addresses in two states (including Illinois), plaintiffs have still been unable to personally serve defendants or obtain substitute service upon defendants at any residence.

4.      Plaintiffs have utilized the Cook County Sheriff's Department on two occasions for the purpose of effectuating service of process on defendants. Both attempts to serve defendants in the Chicago area through the Sheriff's Department have been unsuccessful.

5.      Plaintiffs have also attempted to serve defendants at an address in California, but that attempt too was unsuccessful.



EXHIBIT

C

6.    Finally, plaintiffs obtained an Order from this Court on April 14, 2016 appointing a Special Process Server and the process server has twice failed to obtain service on defendants.

7.    Although not constituting service pursuant to the Code of Civil Procedure, the special process server did leave a copy of the Fourth Alias Summons with an employee of a restaurant in Chicago believed to be owned by defendants.

8.    Plaintiffs believe that defendants own a home in the Chicago area, despite being unable to effectuate service at the address believed to be defendants' home.

9.    Likewise, plaintiffs believe that defendants own a home in southern California, despite being unable to effectuate service at the address in California believed to be defendants' home.

10.   I have obtained investigative reports pertaining to defendants that have identified the addresses at which the foregoing attempts of service have been made as addresses associated with defendants. Inasmuch as the reports contain certain personal information regarding defendants and persons associated with them, plaintiffs did not attach these reports to their Motion.

11.   In accordance with Section 2-206 of the Code of Civil Procedure, however, I can state with confidence that after diligent inquiry, including multiple unsuccessful attempts to serve defendants, defendants' place of residence cannot be ascertained with certainty. Their last known place of residence is either 1485 Skyline Drive, Laguna Beach, California 92651 or 9530 Cook Ave., Unit 308, Oak Lawn, Illinois 60453.

12.   Nonetheless, defendants cannot be found within the state for service of process and cannot be found outside the state after diligent inquiry.

2

FURTHER AFFIANT SAYETH NOT.



Richard K. Hellerman

Subscribed and sworn to before me
this 3rd day of June, 2016

Notary Public

3

2120 – Served              2121 – Served
2220 – Not Served          2221 – Not Served
2320 – Served By Mail      2321 – Served By Mail
2420 – Served By Publication   2421 – Served By Publication
SUMMONS                    ALIAS – SUMMONS

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW _____ DIVISION

No. 16 L 33

Please serve: Jacqueline Bertsos

JOHN BENOIT and PAMELA BENOIT,

(Name all parties)

v.

2601 West 47th Street

Chicago, Illinois 60632

ANTHONY BERTSOS and JACQUELINE BERTSOS,

## FOURTH
○ SUMMONS  ◉ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◉ Richard J. Daley Center, 50 W. Washington, Room 802  801 , Chicago, Illinois 60602

○ District 2 - Skokie          ○ District 3 - Rolling Meadows      ○ District 4 - Maywood
5600 Old Orchard Rd.            2121 Euclid                        1500 Maybrook Ave.
Skokie, IL 60077                Rolling Meadows, IL  60008         Maywood, IL  60153

○ District 5 - Bridgeview       ○ District 6 - Markham             ○ Child Support
10220 S. 76th Ave.              16501 S. Kedzie Pkwy.              28 North Clark St., Room 200
Bridgeview, IL  60455           Markham, IL  60428                Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 57366

Name: Richard K. Hellerman/Law Office of Richard K. Hellerman, P.C.

Atty. for: Plaintiffs

Address: 222 South Riverside Plaza, Suite 2100

City/State/Zip: Chicago, IL 60606

Telephone: (312) 775-3648

WITNESS, May 17 _____, 2016

**DOROTHY BROWN** MAY 1 7 2016
Clerk of Court

Date of service:
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

2016L000033
CALENDAR/ROOM W
TIME 00:00

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS of Contract
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JOHN BENOIT and PAMELA BENOIT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No. |
| | ) |
| ANTHONY BERTSOS and JACQUELINE | ) |
| BERTSOS, | ) |
| | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT

Plaintiffs, JOHN BENOIT and PAMELA BENOIT, by their attorneys, The Law Office of

Richard K. Hellerman, P.C., complain of Defendants, Anthony Bertsos and Jacqueline Bertsos,

husband and wife, stating as follows:

### PARTIES, JURISDICTION AND VENUE

1.       Plaintiffs, John Benoit ("John") and Pamela Benoit ("Pamela") (collectively,

"Plaintiffs"), are individuals currently residing at 12 Isabel Circle, Montpelier, Vermont 05602.

They are married to one another.

2.       Defendants, Anthony Bertsos ("Anthony") and Jacqueline Bertsos ("Jacqueline")

(collectively, "Defendants"), are individuals who, upon information and belief, are also married to

one another, reside at 9530 Cook Avenue, Unit 308, Oak Lawn, Cook County, Illinois 60453-

4271, and also own real estate at 2601 W. 47th St., Chicago, Cook County, Illinois 60632. Plaintiff

is also informed and believes that Defendants also maintain a residence in Laguna Beach,

California.

3.  Jurisdiction over Defendants is proper because the Defendants are residents of Cook County, Illinois, the conduct at issue in this lawsuit occurred in Cook County, Illinois and the property at issue was situated in Illinois at the time of the transaction at issue.

4.  Venue is proper because, among other things, the Defendants are residents of Cook County, Illinois.

## BACKGROUND

5.  This case arises out of the sale by Defendants to Plaintiffs of a certain and specific 1969 Chevrolet Camaro coupe automobile (VIN: 124379N697642) (hereinafter and from time to time referred to simply as the subject "vehicle" or "subject Camaro").

6.  At all material times, Defendants jointly held themselves out to Plaintiffs as the owners of the subject Camaro.

7.  Upon information and belief, both Defendants owned, brokered and/or had an equitable interest in the subject Camaro.

8.  At all material times, the subject Camaro was registered and titled in the State of Illinois. (A true and correct copy of the March 8, 2004 Certificate of Title is attached as Exhibit "A" and incorporated herein by reference).

9.  Upon information and belief, prior to the sale of the subject Camaro to Plaintiffs, Defendants had the subject Camaro restored by Custom Cars Unlimited of La Grange, Illinois.

10.  Plaintiffs were looking for an original, "numbers matching" Tuxedo Black 1969 Chevrolet Camaro Z28 when they first learned of the subject Camaro in April 2014 through an advertisement placed by one or both Defendants with Hemmings Motor News. (A true and correct copy of the Hemmings Motor News advertisement (the "Ad") is attached hereto as Exhibit "B" and incorporated herein by reference).

2

11.    In the context of classic, collector cars, a "numbers matching" car is one where all the identifying numbers on the major components (including, but not limited to, the engine, transmission and rear axle/differential) match the factory records for the car's chassis thus demonstrating that the parts of the car correspond to the original manufacture of the car from the factory.

12.    A classic car that is "numbers matching" is far more valuable than a car that is not "numbers matching."

13.    The Ad stated "CAMARO: 1969 RS Z-28, tuxedo black, #s and components matching, professional documented restoration, over $200,000 invested, sell $119,000." *See* Exhibit B.

14.    After viewing the advertisement and speaking with Defendants regarding the Camaro, Plaintiff requested that Defendants send Plaintiffs a photograph of the cowl tag to be positive the car was an original Tuxedo Black Z28.

15.    A cowl tag the small metal plate that is stamped with information about how the car was originally built, and contains coded information about, *inter alia*, the date the assembly of the body was started, the body style of the car, the location of the assembly plant, the interior trim, the exterior paint color, and certain car body-related options. Sometimes the cowl tag is referred to as body tag, trim tag, firewall tag, body plate, data plate or number plate.

16.    By email dated April 29, 2014, Jacqueline sent Plaintiffs two photographs of the cowl tag on the Camaro. (A true and correct chain of emails between Plaintiffs and Jacqueline is attached as Exhibit "C" and incorporated herein by reference).

17.    The cowl tag photographs sent by Jacqueline to Plaintiffs show a Tuxedo Black Camaro with deluxe interior featuring custom black bucket seats, Jacqueline thereby affirmatively

3

representing to, and assuring, Plaintiffs on Defendants' behalf that the cowl tag was original and that the subject vehicle was thus the authentic black Camaro Tuxedo Black Z28 that Defendants had advertised. *See* Exhibit C.

18.     Because the photographs of the cowl tags sent by Jacqueline to Plaintiffs appeared to be authentic, by email dated April 30, 2014, John advised Anthony that he would take Anthony's word for the fact that the car was original numbers matching. *See* Exhibit C.

19.     By reply email of the same date, Anthony made no mention of the fact that Plaintiffs learned after purchasing the vehicle, that the subject Camaro was *not* in fact numbers matching. Anthony instead merely gave Plaintiffs bank wiring instructions for Defendants' Citibank branch on South Kedzie Avenue in Chicago, Illinois. *See* Exhibit C.

20.     The emails attached as Exhibit C culminated in a May 1, 2014 Bill of Sale from Defendants to Plaintiffs for the subject Camaro for the sum of $119,000.00. *See* Exhibit C.

21.     In reliance upon Defendants' representations and assurances as aforesaid, Plaintiffs paid Defendants $119,000.00 for the subject Camaro, which they reasonably believed conformed to the advertisement placed by and cowl tag photographs they received from Defendants.

22.     The subject Camaro was delivered to Plaintiffs in Vermont in May 2014.

23.     Because Plaintiffs collect these classic cars, they do not drive them but, instead, store them in temperature controlled garages to ensure and maintain the quality and condition of the cars.

24.     Thus, between May 2014 and August 2015, Plaintiffs had no reason to suspect, or believe, that the vehicle they purchased did not conform to the description Defendants provided in the advertisement, nor did they have reason to suspect, or believe, that the photographs of the cowl tag were not authentic to the vehicle they had purchased.

4

25.     In August 2015, Plaintiffs sought to have the subject Camaro appraised by noted Camaro expert Jerry MacNeish of Camaro Hi-Performance, Eldersburg, Maryland.

26.     It was during this appraisal that Plaintiffs first became aware of significant and material deficiencies with the subject Camaro.

27.     Thus, Mr. MacNeish conveyed to Plaintiffs that the cowl tag on the vehicle was not in fact original and that the car did not appear to be an original Rally Sport-optioned Camaro.

28.     After the appraisal, Mr. MacNeish contacted Pete Sanchez of Custom Cars Unlimited.

29.     In their discussion, Mr. Sanchez told Mr. MacNeish that the trim tag had been changed by Custom Cars Unlimited at the specific instruction of the Defendants.

30.     Further, Mr. Sanchez shared with Mr. MacNeish the original color of the car was code 61, Burnished Brown, and not black as reflected on the falsified trim tag.

31.     The fact that the trim tag had been falsified also meant that the rear axle assembly of the subject Camaro was not, as Defendants had represented it to be when they advertised the subject Camaro as "#s and components matching," original, nor was the rally sport and deluxe Black bucket seat interior original, as Defendants had represented it to be when they advertised the subject Camaro as "#s and components matching."

32.     Mr. MacNeish shared the substance of the conversation with Mr. Sanchez with Plaintiffs.

33.     Prior to the consummation of the sale, Defendants failed to disclose the color change, cowl tag change, the addition of the rally sport and deluxe Black bucket seat interior and the fact that the rear axle assembly was not original to the car, nor did they disclose that the numbers had been re-stamped to make them appear as original.

5

34.     On or about August 24, 2015, John contacted Anthony by telephone.

35.     During this telephone conversation John informed Anthony, *inter alia*, that he had learned that the rear axle was not original to the vehicle, the vehicle was not originally a deluxe Black bucket seat interior car, the vehicle was not originally Tuxedo Black and the vehicle was not an original Rally Sport.

36.     In response, Anthony advised John that he had no idea that any of the aforementioned items were not original to the subject Camaro.

37.     The facts that the rear axle was not original to the subject Camaro, the subject Camaro was not originally a deluxe interior car, the subject Camaro was not originally Tuxedo Black and the subject Camaro was not an original Rally Sport and a replacement cowl tag had been made and installed to make it appear as though the subject Camaro had all of these original characteristics was material to Plaintiffs.

38.     Plaintiffs had no way to readily ascertain, prior to the sale, other than through the affirmative representations of Defendants, whether the subject Camaro had the original characteristics that Defendants represented it had.

39.     Because Defendants had the cowl tag made to appear as original when in fact it was not, Defendants knew that the subject Camaro did not have the original characteristics that Defendants represented it had including, but not limited to, that the rear axle was not original to the subject Camaro, that the rear axle had be re-stamped, that the subject Camaro was not originally a deluxe interior car, that the subject Camaro was not originally Tuxedo Black and/or that the subject Camaro was not an original Rally Sport and a replacement cowl tag had been made and installed.

6

40.     Defendants also knew that their advertisement of the vehicle as "#s and components matching" meant that subject Camaro had the original characteristics that Defendants represented it had including, but not limited to, that the rear axle was original to the subject Camaro, that the rear axle had not been re-stamped, that the subject Camaro was originally a deluxe interior car, that the subject Camaro was originally Tuxedo Black and/or that the subject Camaro was an original Rally Sport and a replacement cowl tag had not been made and installed.

41.     Defendants also knew that the cowl tag depicted in the photographs sent by Defendant, Jacqueline Bertsos, to Plaintiffs on April 29, 2014 was not the cowl tag originally affixed to the body of the subject Camaro by Fisher Body at the Norwood, Ohio assembly plant in 1969.

COUNT I
BREACH OF CONTRACT
RESCISSION/REVOCATION OF ACCEPTANCE OF GOODS
(801 ILCS 5/2-608)

42.     Plaintiffs repeat and reallege Paragraphs 1-41 of this Complaint as and for this Paragraph 42 of Count I of this Complaint, as though fully set forth herein.

43.     Upon information and belief, Defendants at all times material hereto promoted, advertised and offered this the subject Camaro for sale as a "#s and components matching" Camaro.

44.     Defendants' assurances, as set forth in the advertisements, descriptions, and communications between the parties became the bargaining instrument to which the parties agreed (or, at least, to which Plaintiff were reasonably induced to agree).

45.     On May 1, 2014, a contract was formed between the parties for the sale of the subject Camaro, as described more particularly in Defendants' advertisement and above in this Complaint.

7

46.    Specifically, the Camaro as described, and as contracted for by Plaintiffs, was to be a professionally restored, Tuxedo Black with Black deluxe bucket seat interior 1969 Chevrolet Camaro Z28 Rally Sport, with numbers and components matching.

47.    Plaintiffs fulfilled their obligation under the contract at issue by paying $119,000.00 to Defendants.

48.    The subject Camaro does not conform to the parties' contract, as more particularly described in Paragraph 27, 29, 30 and 31 above, which are adopted and incorporated into this Paragraph 48 by reference.

49.    The non-conformity of the subject Camaro has substantially impaired the value of the vehicle to Plaintiffs.

50.    Defendants, by the provision to Plaintiffs of a non-conforming vehicle, have breached the contract with Plaintiffs for the sale of the vehicle to Plaintiffs.

51.    Plaintiffs seasonably notified Defendants of the non-conformity of the subject Camaro to the contract by letter dated September 9, 2015. (A true and correct redacted[1] copy of this September 9, 2015 correspondence is attached hereto, made part hereof and marked as Exhibit "D").

52.    By their letter dated September 9, 2015 (Exhibit D), Plaintiffs revoked their acceptance of the subject Camaro due to its non-conformity with the contract.

53.    Because Plaintiffs have properly and justifiably revoked their acceptance of the subject Camaro due to its non-conformity to the contract, title to the subject Camaro revests in Defendants, and Plaintiffs are entitled to be refunded the full amount of their purchase price, plus

[1] A portion is redacted per Illinois Rule of Evidence 408. Defendants are in possession of un-redacted copies of said letter.

8

any and all expenses reasonably incurred in inspecting the subject Camaro, transportation of the vehicle and care and custody of the vehicle.

54.     Furthermore, because Plaintiffs have properly and justifiably revoked their acceptance of the subject Camaro due to its non-conformity to the contract, Plaintiffs have a statutory security interest in the subject Camaro for any payments made on its price and any expenses reasonably incurred in the Camaro's inspection, receipt, transportation, care, and custody.

55.     Plaintiffs put Defendants on notice of said security interest and Defendants have not contested said security interest. *See* Exhibit D.

WHEREFORE, Plaintiffs, JOHN BENOIT and PAMELA BENOIT, respectfully pray that the Court enter an Order: (1) declaring that the contract for the sale of the subject 1969 Camaro is rescinded as a result of Plaintiffs' valid rejection of their acceptance of the subject Camaro due to the non-conformity of the subject Camaro to the sales contract; (2) that Defendants bear any and all costs and expenses associated with the return of the subject Camaro to them; (3) awarding judgment in Plaintiffs favor and against Defendants, Anthony Bertsos and Jacqueline Bertsos, in accordance with the statutory security interest in Plaintiffs' favor, in the amount of all payments made by Plaintiffs to Defendants on the sales price of the subject Camaro plus any and all expenses reasonably incurred by Plaintiffs in the Camaro's inspection, receipt, transportation, care, and custody, in an amount to be determined based upon the evidence adduced at trial; and (4) for such other and further relief as this Honorable Court deems necessary, just and proper.

9

## COUNT II
## BREACH OF THE EXPRESS WARRANTIES (810 ILCS 5/2-313)
### (in the alternative to Count I)

56.    Plaintiffs repeat and reallege Paragraphs 1-41 of this Complaint as and for this Paragraph 56 of Count II of this Complaint, as though fully set forth herein.

57.    Prior to the sale of the subject Camaro to Plaintiffs by Defendants, Defendants made express warranties to Plaintiffs as aforesaid regarding, *inter alia*, the pedigree, quality, authenticity and other various characteristics of the subject Camaro.

58.    Specifically, Defendants expressly warranted that the subject Camaro was "#s and components matching."

59.    Defendants further expressly warranted that the subject Camaro was an original Tuxedo Black, Black deluxe bucket seat interior Rally Sport Camaro with its original drivetrain, including rear axle and all components.

60.    Defendants further expressly warranted that the rear axle in the subject Camaro was original to the subject Camaro and not a fraudulent piece counterfeited and made to appear original.

61.    The subject Camaro, as originally presented to Plaintiffs by Defendants, appeared at all relevant times to comply with Defendants' warranties as aforesaid.

62.    It was not until Mr. MacNeish appraisal of the subject Camaro that Plaintiffs knew or had reason to suspect or know that the subject Camaro did not have the qualities, components and characteristics that Defendants had expressly warranted to Plaintiff that it would have.

63.    Defendants have therefore breached the express warranties they made to Plaintiffs about the subject Camaro in one or more of the following manners:

   a.   the cowl tag on the subject Camaro was not original;

   b.   the subject Camaro was not originally painted Tuxedo Black;

10

c.  the subject Camaro was not originally produced with a deluxe Black bucket seat interior;

d.  the subject Camaro was not originally produced as a Rally Sport; and

e.  the rear axle is not original to the subject Camaro.

64.   As the ultimate consumers, users, owners, operators and maintainers of the vehicle, Plaintiffs were the foreseeable and intended beneficiaries of the express warranties that accompanied and arose from the presentation of the vehicle for sale, the advertisements run by Defendants associated with the sale of the vehicle and the subsequent contract and sale entered into by Plaintiffs and Defendants.

65.   Plaintiffs reasonably relied on the express warranties of Defendants as aforesaid as to the subject Camaro in deciding to purchase the vehicle.

66.   Plaintiffs have been damaged by Defendants breaches of their express warranties as described herein, in the amount they have paid for the subject Camaro and for all other expenses reasonably incurred in the vehicle's inspection, receipt, transportation, care, and custody.

WHEREFORE, Plaintiffs, JOHN BENOIT and PAMBLA BENOIT, respectfully pray that the Court enter judgment in their favor and against Defendants, Anthony Bertsos and Jacqueline Bertsos, in an amount to be determined based upon the evidence adduced at trial, but in any event in excess of $50,000, plus pre- and post-judgment interest as permitted by law and for such other and further relief as this Honorable Court deems necessary, just and proper.

COUNT III
VIOLATIONS OF ILLINOIS CONSUMER FRAUD AND
DECEPTIVE BUSINESS PRACTICES ACT
(805 ILCS 505/1, et seq.)

67.   Plaintiffs repeat and reallege Paragraphs 1-41 of this Complaint as and for this Paragraph 67 of Count III of this Complaint, as though fully set forth herein.

11

68.     This is a claim for violations, by Defendants of the Illinois Consumer Fraud and Deceptive Business Practices Act codified and compiled at 815 ILCS 505/1, *et seq.*

69.     Plaintiffs contracted to purchase the subject Camaro for personal purposes and not for immediate resale.

70.     By their conduct as aforesaid in, *inter alia,* falsely representing and warranting that the subject Camaro was "#s and components matching" when in fact it was not, and also in falsely and surreptitiously altering the cowl tag on the subject Camaro to make it appear as through the components on the vehicle were original when in fact they were not, Defendants engaged in unfair or deceptive acts or practices as defined in the Illinois Consumer Fraud and Deceptive Business Practices Act.

71.     Specifically, as more particularly described above, Defendants' unfair or deceptive acts or practices include, but are not limited to:

  a. the use or employment of deception fraud;

  b. the use or employment of false pretense; and

  c. the use or employment of misrepresentation and concealment, suppression or omission of material facts with the intent that Plaintiffs reply upon the concealment, suppression or omission of such material fact.

72.     As more particularly described above, Defendants' deception, fraud, false pretenses, misrepresentations, concealment, suppression and/or omission of material facts included, but was not limited to:

  a. Representing that the subject Camaro was "#s and components matching" when in fact it was not;

  b. representing that the cowl tag on the subject Camaro was not original when in fact it was not;

  c. representing that the subject Camaro was originally painted Tuxedo Black when in fact it was not;

       d.   representing that the subject Camaro was originally produced with a deluxe Black bucket seat interior when in fact it was not;

       e.   representing that the subject Camaro was originally produced as a Rally Sport when in fact it was not; and

       f.   representing that the rear axle was original to the subject Camaro when in fact it was not.

73.   Defendants intentionally omitted and failed to disclose the aforementioned material facts in order to induce Plaintiffs to purchase the subject Camaro at an inflated price, which inured to Defendants' benefit and to Plaintiffs' detriment.

74.   Plaintiffs justifiably relied upon the misrepresentations of Defendants as aforesaid and proceeded to purchase the subject Camaro for the inflated price requested by Defendants.

75.   Plaintiffs have suffered actual losses as a direct and proximate result of Defendants' fraudulent statements, actions and misrepresentations as aforesaid.

76.   Because Defendants' conduct in falsifying the cowl tag was intentional, punitive damages are appropriate to deter Defendants from engaging in such false, fraudulent behavior in the future.

WHEREFORE, Plaintiffs, JOHN BENOIT and PAMELA BENOIT, respectfully pray that the Court enter judgment in their favor and against Defendants, Anthony Bertsos and Jacqueline Bertsos, in an amount to be determined based upon the evidence adduced at trial, but in any event in excess of $50,000, plus pre- and post-judgment interest as permitted by law, plus punitive damages of $100,000, and for such other and further relief as this Honorable Court deems necessary, just and proper.

13

## COUNT IV
## COMMON LAW FRAUD

77.     Plaintiffs repeat and reallege Paragraphs 1-76 of this Complaint as and for this Paragraph 77 of Count IV of this Complaint, as though fully set forth herein.

78.     Prior to advertising the subject Camaro for sale, Defendants knew of the true status of the authenticity and originality of the components, and the other original characteristics of the subject Camaro.

79.     In spite of this knowledge, as more particularly described above, Defendants affirmatively mispresented by both words (in the advertisement they placed) and actions (in sending photos to Plaintiffs of the cowl tag they had caused to be altered) the original characteristics and components of the subject Camaro.

80.     Furthermore, because Defendants were aware of the true facts surrounding the characteristics and components of the subject Camaro, and they knew that Plaintiffs had never seen the subject Camaro in person, Defendants had a duty to disclose all facts within their knowledge about the characteristics and components of the subject Camaro.

81.     By failing to advise Plaintiffs that the cowl tag had been altered and falsified and that the characteristics and components of the subject Camaro were not, in fact, authentic and original, Defendants fraudulently concealed from and/or failed to disclose these facts, more particularly described above, to Plaintiffs.

82.     The facts surrounding the authenticity and originality of the characteristics and components of the subject Camaro, as more particularly described above, were material to Plaintiffs' decision to purchase the vehicle at the inflated price for which Defendants were offering the vehicle for sale.

14

83.   Because Plaintiffs had no way to inspect the subject Camaro prior to the sale, it being located in a different state than the state where Plaintiffs reside, and because Defendants made specific, affirmative representations as aforesaid to Plaintiffs about the quality, characteristics, authenticity and originality of the vehicle and its characteristics and component parts, Plaintiffs reasonably and justifiably relied upon the misrepresented, concealed and/or non-disclosed facts in purchasing the vehicle at the inflated price sought by Defendants.

84.   Had Plaintiffs known of the true nature of Defendants' intentions and/or actions, or the true facts surrounding the subject Camaro, Plaintiffs would not have purchased the subject Camaro.

85.   Plaintiffs have been damaged by their purchase of the subject Camaro at the inflated price sought by Defendants, which was induced by their reasonable reliance upon Defendants' misrepresentations, concealments and non-disclosures as aforesaid.

86.   Defendants' conduct, in both action and omission, as aforesaid was wanton and/or reckless and/or shows a reckless indifference in the interests of others.

87.   Plaintiffs are therefore entitled to punitive damages against Defendants, to deter Defendants from engaging in such illegal, reckless and damaging conduct in the future.

WHEREFORE, Plaintiffs, JOHN BENOIT and PAMELA BENOIT, respectfully pray that the Court enter judgment in their favor and against Defendants, Anthony Bertsos and Jacqueline Bertsos, in an amount to be determined based upon the evidence adduced at trial, but in any event in excess of $50,000, plus pre- and post-judgment interest as permitted by law, plus punitive damages of $100,000, and for such other and further relief as this Honorable Court deems necessary, just and proper.

15

JOHN BENOIT
PAMELA BENOIT

By: _____
One of Their Attorneys

Richard K. Hellerman
The Law Office of Richard K. Hellerman, P.C.
222 South Riverside Plaza, Suite 2100
Chicago, Illinois 60606
(312) 775-3046
(312) 648-1212 (fax)
Firm ID # 57366

```
CLERK OF THE CIRCUIT COURT - COOK COUNTY
00067147 Law-01      1/4/2016 3:38PM
CITY: 57366   014 ESHEPARD
AD DAMNUM:            $53,061.00
CASE NO: 2016L000033     CALENDAR: W
COURT DATE: 0/0/0000 12:00AM

CASE TOTAL: $359.00
Automation                      $25.00
Document Storage                $25.00
Law Library                     $21.00
Arbitration                     $10.00
Base Filing Fee &              $240.00
Dispute Resolution
                                 $1.00
Court Services
Children Waiting Rm             $25.00
Access Justice Fund             $10.00
CHECK N: 1187                    $2.00
CHECK AMOUNT:
CHANGE                         $359.00
                                 $0.00
TRANSACTION TOTAL:             $359.00
```

## VERIFICATION

The undersigned, John Benoit and Pamela Benoit, state, on penalty of perjury as provided in 735 ILCS 5/1-109, that each of them has read the foregoing Verified Complaint and knows the contents thereof, that each of them has personal knowledge of the matters stated therein and, as to those allegations made on information and belief, each of them is informed and believes the truth of those matters, and that the same are true to the best of each of their respective knowledge, information and belief.

_John Benoit_

_Pamela Benoit_

Pamela Benoit

# STATE OF ILLINOIS

## CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 124379N697642 | 69 | CHEVROLET | | COUPE | 14068 126044 |

| DATE ISSUED | ODOMETER | COM. | PURCHASED | | PURCHASE DATE |
|---|---|---|---|---|---|
| 03/08/04 | | | USED | | 02/16/04 |

MAILING ADDRESS                                    MOBILE HOME SQ. FT.                    TYPE OF TITLE

IS ORIGINAL

ANTHONY BERTSOS
9266 FALLING WATER DR E
WILLOWBROOK IL 60527

LEGEND(S)

OWNER(S) NAME AND ADDRESS
ANTHONY BERTSOS
9266 FALLING WATER DR E
WILLOWBROOK IL 60527

VILLAGE NOT REQUIRED

FIRST LIENHOLDER NAME AND ADDRESS

**EXHIBIT**

_A_

SECOND LIENHOLDER NAME AND ADDRESS

RELEASE OF LIEN

The holder of a lien on the vehicle described in this Certificate does hereby state that the lien is released or discharged

**ASSIGNMENT OF TITLE**

Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file in my Office, the person or orally named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any.
IN   WITNESS   WHEREOF, I   HAVE   AFFIXED   MY   SIGNATURE   AND
THE   GREAT   SEAL   OF   THE   STATE   OF   ILLINOIS,   AT   SPRINGFIELD.

D331 24748

CONTROL NO.

_Jesse White_
JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS

1969 Chevrolet Camaro for sale | Hemming's Motor News.

Classifieds      Publications       Blog

/ Camaro / Ad #1557223

# 1969 Chevrolet Camaro

# $119,000

Like  [ 0 ]                                                    0

                                                              Add to Favorites

Location:
              Laguna Beach, California 92561

Trans:
              Auto

Description: CAMARO: 1959 RS Z-28, tuxedo,black, #s and
components matching, professional documented restoration, over
$200,000 invested, sell $119,000. 773-457-4736, CA.
Price: $119,000

Insurance Cost Calculator

Get Insurance Quote

Powered by Hagerty Insurance

Estimated Monthly Payment

$2,130/ mo     Apply Now

Estimate provided by J.J Best Banc & Co,

## Find Related Classifieds.
Chevrolet listings (4,428)
Camaro listings (563)
Chevrolet Parts Listings (90)

Search Cars for Sale                                    Go

EXHIBIT

From: Jacqueline Bertsos <piezanos1@comcast.net>
Date: May 1, 2014 at 11:21:22 AM EDT
To: John Benoit <john@benoitelectric.com>
Subject: Re: Cowl tag

This is a Bill of sale
I Anthony and Jacqueline Bertsos are selling our 1969 RS Z/28 Camaro to John and Pam Benoit of 12 Isabel Circle, Montpelier, Vermont 05602 for the sum of $119,000 as soon as the money is wired to our account. There is a series of emails which also confirms the transaction. The car is being sold as is. We will maintain full coverage insurance until the car is safely delivered. Shipping is being arranged by John Benoit tentatively 5/7/14 or 5/8/14
Sent from my iPhone

On May 1, 2014, at 9:58 AM, John Benoit <john@benoitelectric.com> wrote:

Tony,

John Benoit and Pam Benoit.

12 Isabel Circle
Montpelier Vermont 05602

Sent from my iPhone

On May 1, 2014, at 10:54 AM, Jacqueline Bertsos <piezanos1@comcast.net> wrote:

John send me your last name and address and I will email you a bill of sale stating that you own the car as soon as the funds are wired

Sent from my iPhone

On May 1, 2014, at 9:42 AM, John Benoit <john@benoitelectric.com> wrote:

Sorry. Got your bank address just need your address.

John

Sent from my iPhone

Begin forwarded message:

EXHIBIT
C

From: John Benoit <john@benoitelectric.com>
Date: May 1, 2014 at 10:26:27 AM EDT
To: Anthony Bertsos <piezanos1@comcast.net>
Subject: Re: Cowl tag

Tony,

I need your bank address and your address.

John

Sent from my iPhone

On Apr 30, 2014, at 8:50 PM, Anthony Bertsos <piezanos1@comcast.net> wrote:

Hi John, Really would have liked to see your face when you saw the car. If this is the way you want to handle it, I'm in Laguna from May 07-20. I will accept a wire transfer. Let me know how you would like to proceed. I will give the carrier the title and all the restoration paper work. Here is the account # [redacted] routing # [redacted], address for Citibank, 6222 South Kedzie Avenue, Chicago, Illinois  60629 name on the account Jacqueline Bertsos and Tony Bertsos

Sent from my iPad

On Apr 30, 2014, at 6:32 PM, John Benoit <john@benoitelectric.com> wrote:

Tony,

I am having a hard time figuring out a time to meet with you. I am going to take your word that the car is original numbers matching. It appears that the restoration is very well done. Get the necessary paperwork done to sell the car to us. Do you want a check or a wire transfer. I have a carrier lined up to pick up the car when it works for you. Pam and I will still take you up on meeting you out there when it works out and if you and your wife are ever near Vermont we would like to show you around.

John
Sent from my iPhone

On Apr 29, 2014, at 7:14 PM, Jacqueline Bertsos <piezanos1@comcast.net> wrote:

<mime-attachment>
<mime-attachment>
<photo 1.JPG>



<photo 2.JPG>



# Shook Legal, Ltd.

P.O. Box 432
Summerdale, Pennsylvania 17093
Telephone (717) 884-9010
BShook@ShookLegal.com

September 9, 2015

<u>VIA CERTIFIED AND REGULAR 1st CLASS U.S. MAIL</u>

Anthony Bertsos
Jacqueline Bertsos
1485 Skyline Dr
Laguna Beach CA 92651

Anthony Bertsos
Jacqueline Bertsos
9286 Falling Waters Drive East
Burr Ridge IL 60527

Anthony Bertsos
Jacqueline Bertsos
2601 West 47th St
Chicago Il 60632

Re:    1969 Chevrolet Camaro (VIN 124379N697642)

Dear Mr. & Mrs. Bertsos:

Please be advised that I have been retained to represent John and Pam Benoit in connection with their potential claims relating to the purchase from you of above-referenced 1969 Chevrolet Camaro.

We have reason to believe, as further detailed herein, that your actions relating to the advertising and/or sale of the 1969 Chevrolet Camaro to my clients constitutes violations of state and federal law, including, but not limited to, breach of contract, breach of the duty of good faith and fair dealing, breach of implied and express warranties, common law fraud, fraudulent concealment/nondisclosure, negligent misrepresentation, and unjust enrichment, as well as violations of Federal and State statutes such as consumer fraud and false designation of origin/false advertising and descriptions under 15 U.S.C. § 1125(a).

In particular, we have evidence that you committed false, misleading or deceptive practices by representing and warranting that the 1969 Chevrolet Camaro was of a particular standard, quality or grade when it was of another standard, quality or grade. Further, we have reason to believe that you failed to disclose information concerning the 1969 Chevrolet Camaro which was known by you at the time of the transaction with the intent to induce Mr. & Mrs. Benoit



into a transaction which they would not have otherwise entered had the information been disclosed.

Please consider this correspondence as my clients' formal NOTICE OF REVOCATION of acceptance and rescission of the contract for purchase of the 1969 Chevrolet Camaro ("Contract") pursuant to Uniform Commercial Code ("UCC") § 2-608. My clients' reject the vehicle as non-conforming to the Contract and your representations.

You promoted this vehicle, among other things, as being a true, original black 1969 Chevrolet Camaro Z28 Rally Sport to bolster its pedigree and provenance.

My clients have, just recently, discovered that the cowl tag has been changed, which change was admitted to by your restorer and the original color of the car was brown and not black. As you are well aware, the cowl tag pedigree is a significant factor in the valuation of a vintage Camaro. Furthermore, my clients believe the car to have not been an original rally sport Camaro, a fact that was also known to your restorer.

In addition to the foregoing, we also have reason to believe that you have breached the following warranties actionable under the UCC: (1) Implied Warranty of Fitness for a Particular Purpose; (2) Implied Warranty of Merchantability.

## U.C.C. § 2-711 STATEMENT OF SECURITY INTEREST AND OFFER TO COMPROMISE

· Pursuant to UCC § 2-711(1), my clients are entitled to recover not only the money they paid to purchase the vehicle, but also any additional consequential and incidental damages. Such damages currently total in excess of $125,000.00, not including legal fees.

Redacted – Rule 408

## NOTICE OF LITIGATION – DEMAND TO HOLD AND PRESERVE EVIDENCE

You, and any other person or entity acting in concert with you, are hereby on notice of potential legal action relating to the purchase of the 1969 Chevrolet Camaro, and, as such, it is required to preserve all evidence in its possession, custody, or control that is or may be relevant to this matter.

Such relevant evidence includes, but is not limited to: evidence relating to your purchase of the 1969 Chevrolet Camaro, including any repair estimates, removed parts, restoration

Mr. & Mrs. Bortsos
September 9, 2015
Page 3 of 3

invoices, any correspondence, including emails between you and anyone else regarding this vehicle.

Additionally, the continued operation of the computer systems identified herein will likely result in the destruction of relevant evidence due to the fact that electronic evidence can be easily altered, deleted, or otherwise modified. Accordingly, you are hereby on notice of this and the failure to preserve and retain the electronic data outlined in this notice constitutes spoliation of evidence and will subject you to legal claims for damages and/or evidentiary and monetary sanctions.

To prevent spoliation of relevant electronic information, documents or other data, you:

• Must not modify, remove, transfer, delete or alter in any way relevant information, documents, e-mails, files and/or electronic data of any kind contained on computer discs, network drives, CDs, DVDs, external drives, flash memory drives (a/k/a thumb drives), any other form of device used to store electronic data, or any internet hosted sites (e.g., emails and attachments maintained by an internet host service such as AOL, Facebook, Myspace, Earthlink, Gmail, etc.)

• Must stop any activity that may result in the loss of electronic data, including, but not limited to, routine rotation, destruction, overwriting, deletion and/or erasure in any way or by any means of such data in whole or in part.

• Must not alter, modify, delete or erase in any way or by any means electronic data and you must not perform any other procedures (such as data compression, disk de-fragmentation and/or optimization routines) which may impact such data.

• Must preserve copies of all application programs and utilities that may be used to process electronic data.

• Must maintain an activity log that documents all modifications, deletions, erasures or the like made to any electronic data processing system that may affect the system's capability to process any electronic data.

If you have any questions regarding this request, you should retain the services of an attorney familiar with preservation of evidence, including computer and electronic evidence.

The one-time offer of compromise contained herein will expire on October 2, 2015, at 5:00pm. If the parties are unable to reach settlement in this matter, my clients will pursue all available legal remedies to resolve this matter.

We look forward to hearing from you.

Very truly yours,

Bryan W. Shook